**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Robert V. CURTIN; John R. Wallace,**
**Defendants—Appellants.**

No. 03–50051.
D.C. No. CR–02–2052 TJW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 9, 2004.

Decided Aug. 17, 2004.

Christopher P. Tenorio, U.S. Attorney, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Michael Baranic, Gattey & Messersmith, Patrick T. Cooney, Esq., Jason L. Aldrich, Esq., Gattey & Baranic, San Diego, CA, for Defendants–Appellants.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before T.G. NELSON, TASHIMA, and FISHER, Circuit Judges.

## MEMORANDUM *

Defendants–Appellants, Robert Curtin and John Wallace ("defendants"), are Border Patrol agents who were indicted and tried in federal district court for civil rights violations after they used force on a suspected immigrant smuggler while he was detained in a cell. After the jury acquitted defendants of the charges, they moved, pursuant to the Hyde Amendment, *see* 18 U.S.C. § 3006A, note, to recover their attorneys' fees. The district court denied the motions, finding that the government's case had been weak, but not frivolous. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

We review a district court's decision to deny a motion for attorneys' fees under the Hyde Amendment for an abuse of discretion. *United States v. Manchester Farming P'ship*, 315 F.3d 1176, 1181 (9th Cir.), as amended by 326 F.3d 1028 (9th Cir.2003). Under the abuse of discretion standard, "[r]eversal is warranted only if we find with 'a firm conviction that the district court committed a clear error of judgment.' " *Id.* (quoting *United States v. Sherburne*, 249 F.3d 1121, 1125 (9th Cir. 2001) (quoting *United States v. Lindberg*, 220 F.3d 1120, 1124 (9th Cir.2000))).

The Hyde Amendment provides in relevant part that "the court ... may award to a prevailing party, other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circum-

1. Because the parties are familiar with the facts, we do not recite them here except as necessary to aid in understanding this disposition.

stances make such an award unjust." Pub.L. No. 105–119, Title VI, § 617, 111 Stat. 2440, 2519 (1997), *reprinted in* 18 U.S.C. § 3006A, historical and statutory notes.

The district court did not abuse its discretion in finding that the case was weak, but not frivolous. "A 'frivolous' case is one that is 'groundless ... with little prospect of success; often brought to embarrass or annoy the defendant.' The case is frivolous when 'the government's position was foreclosed by binding precedent or so obviously wrong as to be frivolous.'" *Manchester Farming P'ship*, 315 F.3d at 1183 (quoting *United States v. Braunstein*, 281 F.3d 982, 995 (9th Cir.2002) (quoting *United States v. Gilbert*, 198 F.3d 1293, 1299 (11th Cir.1999))). The prosecution was not foreclosed by binding precedent. Nor was the case so obviously wrong as to be frivolous. After having listened to the alleged victim's testimony, the district court denied defendants' Rule 29 motion, concluding that a reasonable jury could believe the victim's account. After listening to the entire trial, the district court concluded that the case had been weak, but had not been groundless.

The jury was required to assess the relative credibility of the witnesses regarding the incident and to draw inferences from, among other things, defendants' behavior before the incident, the videotape of the incident, and the victim's injuries. We conclude that the district court did not abuse its discretion in holding that "[t]he government presented sufficient evidence and questions of fact for the jury's consideration such that ... the prosecution was not 'frivolous'...." *See Lindberg*, 220 F.3d at 1124 ("A district court hears the evidence from the beginning and is in a better position than this court to distinguish between a good faith prosecution that is thin on evidence and a prosecution that is so lacking in support it can only be vexatious, frivolous, or in bad faith.").

The order of the district court denying defendants' Hyde Amendment motion is AFFIRMED.